RESPONSE.
To the petition for a re-henring,

Judge Underwood

deliv~ ered the following response o f the court:

There is no solid objection to the declaration. It avers that the obligation was unpaid when it was assigned, and that the defendant had full ‘ nowledge of the assignments at the times and places they were respectively made, and then, in apt form, assigns the breach in failing to pay the last assignee, who was plaintiff. There is no necessity to aver non-pavment to the assignor, when it is averred that, the obligation was unpaid at the time of assignment, and that *106 the obligor, at that time, knew of its transfer. He could not, thereafter, make payment lawfully to the assignor,
Reponse.
Appellate criMi’t wiH judicially take n'i< ice of the fact that com mon wealth banknotes are not equal in value to thcfr nominal amount; but it will not judicially notice the rate ■or degree ofr depreciation.
In a suit on a contract for commonweal th’sbnnk notes a judgment rendered, in specie, for the full a'moimt of the contract and in I crest thereon will he reversed : But if the judgment bo, ir. the least dpgree, ■less than the full amount of contract and interest thereon, it will not be reversed, because the .court will not judicially no-tic the degrees of depreciation.
We have said that we would take judicial notice of the fact, that Commonwealth’s Bank notes were not equal in value to their nominal amount in specie, and we have intimated that we could not tell the degree of depreciation which prevailed at different times and places, and, therefore, we were disinclined to decide, especially as it has never before been necessary, that we would not, in any case, take notice of the rate of depreciation. It might seem that if we knew Commonwealth’s Bank paper was not equal to silver, that we might likewise know judicially that a paper dollar did not approximate a silver dollar in value as near as a given point ; for instance, that a paper dollar was not worth 99| cents in silver. There would be great difficulty in establishing such a rule ; for, although in the case put we might feel safe in coming to the conclusion that a paper dollar on the Bank of the Commonwealth was not worth 99|- cents in silver, yet the difficulty in applying a rule which involves the rate of depreciation is such, that it seems to us no rule can be adopted except that upon which we have heretofore acted, to wit : we will not sustain a judgment upon a contract for Commonwealth’s paper rendered for specie to the full amount of the contract and interest thereon. But when the judgment, as in this case, does not come up to the full amount, we will not, without proof, undertake to say what it should be, and therefore reverse, because of the impossibility of adopting any rule of certain application. The petitioner asserts that the paper called for in the contract was worth only half its nominal amount; this may be, but we cannot know it unless he had proved it.
We know that the executions and endorsements thereon do not sustain or furnish grounds to reverse a judgment. But in this case the plaintiff in error has thought proper to present them to the court. We were not bound to shut our eyes against their contents. W hen they are looked into, they prove that a defaulting debtor, who could not possibly be *107 injured beyond the amount of the interest, has thought as much, if not more, about the gratificati on of taxing his adversary with the costs of the litigation in this court than he has about the specific performance of his contract in proper time.
Response,
Upon the whole, we think the judgment must be affirmed, with costs; and, therefore, the petition for a re-hearing is overruled.